UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE
COMMISSION,

                      Plaintiff,

-v-

RICHARD F. SYRON, *et al.*,

                      Defendants.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-14-15

No. 11-cv-9201 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

The Court is in receipt of the attached Stipulation and Agreement and Proposed Order (the "Stipulation"), wherein the parties agree to resolve this case without further litigation and "without conceding the strengths or weaknesses of their respective claims and defenses." The Stipulation, *inter alia*, "resolves all claims" against Defendants, forbids Defendants from engaging in certain conduct under the United States securities laws, and obligates Defendants to donate money to the Freddie Mac Fair Fund in amounts proportional to the Freddie Mac stock and option awards granted to them during the fiscal years 2006 and 2007. Having carefully reviewed the Stipulation and the record as a whole, the Court finds that there is no "substantial basis in the record" for concluding that the Stipulation is not "fair and reasonable," or that the public interest would be "disserved" by entry of the Stipulation. *S.E.C. v. Citigroup Global Markets, Inc.*, 752 F.3d 285, 294 (2d Cir. 2014). Accordingly, IT IS HEREBY ORDERED THAT entry of the attached Stipulation, which the Court hereby incorporates by reference, is GRANTED. IT IS FURTHER ORDERED THAT the Court retains jurisdiction to enforce the

Stipulation, including paragraph 5 thereof. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994). The Clerk of the Court is respectfully directed to close this case.

SO ORDERED.

Dated:   April 14, 2015
        New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

U.S. SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

v.

RICHARD F. SYRON,
PATRICIA L. COOK, and
DONALD J. BISENIUS,

                Defendants.

Civil Action No. 11-CV-9201-RJS

ECF CASE

## STIPULATION AND AGREEMENT
## AND [PROPOSED] ORDER

WHEREAS, in connection with *SEC v. Richard F. Syron, et al.*, Civil Action No. 11-cv-9201 (S.D.N.Y.) (the "Case"), the United States Securities and Exchange Commission ("Commission") filed a Complaint against RICHARD F. SYRON ("Syron"), PATRICIA L. COOK ("Cook"), and DONALD J. BISENIUS ("Bisenius") (collectively, "Defendants"), and the Defendants filed Answers to the Complaint denying the allegations therein.

WHEREAS, during the relevant period of the Complaint – March 23, 2007 to August 6, 2008 – there was no one universally accepted definition of subprime that was used by market participants.

WHEREAS, the relevant period was a time when investors were interested in the credit risks associated with subprime mortgage loans and, during that period, the Federal Home Loan Mortgage Corporation ("Freddie Mac") published disclosures which addressed the company's exposure to subprime loans.

WHEREAS, in each such disclosure, Freddie Mac communicated to investors, in substance, that the company had no significant exposure to subprime loans in its Single Family Guarantee portfolio, and that the company held over a hundred billion dollars of non-agency mortgage-related securities backed by subprime loans in its Retained portfolio.

WHEREAS, the parties dispute the degree to which Freddie Mac's subprime disclosures were susceptible to misinterpretation on the question of how Freddie Mac quantified its exposure to subprime loans.

WHEREAS, two central issues in the litigation of this Case have been (i) whether, and to what extent, Freddie Mac's subprime disclosures communicated to investors that Freddie Mac considered a mix of credit characteristics indicating a loan had a higher likelihood of default and higher loss severities than a prime loan, and not merely a loan's origination channel, in evaluating whether a particular loan qualified as a "subprime" loan and (ii) whether any Defendant

knowingly or recklessly made, or assisted others in making, misleading disclosures concerning Freddie Mac's exposure to subprime loans in its Single Family Guarantee portfolio.

WHEREAS, during the relevant period, Syron, as Freddie Mac's Chief Executive Officer, gave two speeches containing statements about the company's exposure to subprime loans and certified each of the six relevant Freddie Mac disclosures. Based on his knowledge and review of the disclosures, including his participation in and reliance upon Freddie Mac's attestation process, Syron certified that the Freddie Mac disclosures did not contain any untrue statement of material fact or omit to state a material fact necessary to make the statements made, in light of the circumstances under which such statements were made, to not be misleading, and that the financial statements fairly presented in all material respects the financial condition of Freddie Mac for the period covered.

WHEREAS, during the relevant period, Cook, as Freddie Mac's Executive Vice President, Investments and Capital Markets and then Chief Business Officer, gave one speech containing statements about the company's exposure to subprime loans and signed attestations that covered the subprime loans section of each of the six Freddie Mac disclosures. Such attestations stated that, to the best of her knowledge and belief based upon her role and responsibilities, but limited in all respects to the matters that came to her attention in fulfilling her responsibilities, that the disclosures did not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statements made, in light of the circumstances under which such statements were made, to not be misleading.

WHEREAS, during the relevant period, Bisenius, as Senior Vice President, Credit Policy and Portfolio Management and then Senior Vice President, Single Family Credit Guarantee, signed attestations that covered the subprime loans section of three of the six disclosures. Such attestations stated that, to the best of his knowledge and belief based upon his role and responsibilities, but limited in all respects to the matters that came to his attention in fulfilling his responsibilities, that the disclosures did not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statements made, in light of the circumstances under which such statements were made, to not be misleading.

WHEREAS, for more than three years following the filing of the Complaint, the parties have vigorously litigated this Case. The extensive fact discovery process of this litigation is now largely complete.

WHEREAS, the parties believe that the litigation of this Case is not likely to conclude for at least an additional twenty-four (24) months.

WHEREAS, the parties agree, without conceding the strengths or weaknesses of their respective claims and defenses, that it is not in the interest of justice to continue to litigate this matter; and

WHEREAS, in the interest of justice, the parties have accordingly agreed to resolve this Case without further litigation;

IT IS THEREFORE HEREBY STIPULATED AND AGREED AS FOLLOWS:

## RESOLUTION OF THE CASE

1. The Parties agree and understand that this Stipulation and Agreement resolves all claims against Syron, Cook and Bisenius arising out of or relating to the events and subject matter of the Commission's Complaint and that this Case shall be discontinued as of the date on which the Court so-orders this Stipulation.

## PERIOD OF AGREEMENT

2. The Parties agree and understand that the provisions of this Stipulation and Agreement are in full force and effect for the periods of twelve (12) months from the date on which the Court so-orders this Stipulation as to Bisenius, eighteen (18) months from the date on which the Court so-orders this Stipulation as to Cook, and twenty four (24) months from the date on which the Court so-orders this Stipulation as to Syron (respectively, the "Bisenius Agreed Period," the "Cook Agreed Period," and the "Syron Agreed Period").

## UNDERTAKINGS AND CERTIFICATIONS
## DURING THE PERIOD OF AGREEMENT

3. a. During each Defendant's applicable Agreed Period, each Defendant agrees not to violate directly or indirectly the anti-fraud provisions of the federal securities laws, including Section 10(b) of the Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 thereunder and Section 17(a) of the Securities Act of 1933 ("Securities Act");

b. During each Defendant's applicable Agreed Period, each Defendant agrees not to violate directly or indirectly the reporting provisions of the federal securities laws, including Exchange Act Section 13(a) and Rules 12b-20 and 13a-13 thereunder;

c. During each Defendant's applicable Agreed Period:

(i) Syron agrees to refrain from signing any report required to be filed with the Commission under Exchange Act Sections 13(a) or 15(d) or any certification required pursuant to Sections 302 and 906 of the Sarbanes-Oxley Act of 2002;

(ii) Cook agrees to refrain from signing any report required to be filed with the Commission under Exchange Act Sections 13(a) or 15(d) or any certification required pursuant to Sections 302 and 906 of the Sarbanes-Oxley Act of 2002; and

(iii) Bisenius, having resigned voluntarily from Freddie Mac in April 2011 and, having not served as an officer, director or employee of any company since that time, agrees to refrain from signing any report required to be filed with the Commission under Exchange Act Sections 13(a) or 15(d) or any certification required pursuant to Sections 302 and 906 of the Sarbanes-Oxley Act of 2002.

d. Each Defendant agrees, pursuant to Section 308(b) of the Sarbanes-Oxley Act of 2002, as amended, to cause the following amounts to be donated, or to donate the following

amounts, to the Freddie Mac Fair Fund established in the unrelated action captioned *SEC v. Federal Home Loan Mortgage Corp., et al.*, 07-cv-1728 (D.D.C.), for allocation in accordance with a distribution plan approved by the Court in that proceeding:

    (i)    Syron: $250,000

    (ii)    Cook: $50,000

    (iii)    Bisenius: $10,000

The above-listed amounts reflect relative proportions of Freddie Mac stock and options awards that were granted to each Defendant in connection with fiscal years 2006 and 2007. Within fourteen (14) days after the Court so-orders this Stipulation, the above listed amounts shall be provided to the Clerk of the Court for deposit in the Freddie Mac Fair Fund currently held in the Court Registry Investment Service account ("CRIS"), account number 1:07-cv-1728. Each payment should be accompanied by a notation that it is for "Freddie Mac Fair Fund 1:07-cv-1728" and be sent to the following:

> Clerk of the Court,
> United States District Court, District of Columbia
> 333 Constitution Avenue N.W.
> Washington D.C. 20001

    e.    Within fourteen (14) days of the conclusion of the Syron, Cook, and Bisenius Agreed Periods, respectively, each Defendant agrees to certify, in writing, his or her compliance with the undertakings set forth in Paragraphs 3(c) and 3(d) and shall submit the certification by overnight mail to Suzanne J. Romajas, Esq., Assistant Chief Litigation Counsel, 100 F Street N.E., Washington, DC 20549-5971, with a copy to the Office of Chief Counsel of the Commission's Division of Enforcement.

## COOPERATION

4.    Each Defendant agrees to cooperate fully and truthfully in any other related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party.

## EFFECT OF NON-COMPLIANCE AND THE COMMISSION'S RIGHT TO REFILE

5.    Each Defendant understands and agrees that if he or she fails to comply with the Undertakings during the applicable Agreed Period, the Commission may refile a Complaint against the applicable Defendant, thereby effectively resuming this litigation against that Defendant ("Refiled Case"). Prior to refiling a Complaint against a Defendant, the Commission shall provide the affected Defendant with twenty-one (21) days' notice of the Commission's intent to refile, during which time the affected Defendant shall have an opportunity to make a presentation explaining why a Refiled Case is not appropriate. The Complaint in a Refiled Case shall be limited to no more than the claims asserted against the applicable Defendant in the original Complaint. The Commission and each Defendant agree that, if the Commission resumes

4

litigation against that Defendant, the discovery record from this Case may be used in the Refiled Case and need not be duplicated.

## STATUTE OF LIMITATIONS

6.  Each Defendant agrees that the running of any statute of limitations applicable to any claim asserted in a Refiled Case is tolled and suspended as of December 16, 2011, the date on which this Case was commenced.

   a.  Each Defendant and any of his or her attorneys or agents shall not include the period between December 16, 2011 and the date on which the Commission receives the Defendant's Paragraph 3.e. certification in the calculation of the running of any statute of limitations or for any other time-related defense in any Refiled Case.

   b.  This agreement shall not affect any applicable statute of limitations defense or any other time-related defense that may have been available to any Defendant before the commencement of the Case or be construed to revive any claim or request for relief that was barred by any applicable statute of limitations or any other time-related defense as of December 16, 2011.

   c.  Nothing in this or any other provision of this Stipulation and Agreement shall serve as a time bar to the refiling of a Complaint against any Defendant who shall fail to comply with the Undertakings during such Defendant's Agreed Period; and, if it shall be determined that the refiling is permitted pursuant to this Agreement, any Defendant against whom the Complaint is refiled hereby waives any right to, and shall not, assert the statute of limitations or any other time-based defense to the refiling, other than as set forth in Paragraph 6(b). For purposes of the statute of limitations and other time-based defenses, the Complaint in a Refiled Case shall be treated for statute of limitations and other time based defenses as if it were the original Complaint.

## VOLUNTARY AGREEMENT

7.  Each Defendant has entered into this Stipulation and Agreement voluntarily and represents that no threats, offers, promises, inducement or representations other than those contained in this Stipulation and Agreement, have been made by the Commission or any member, officer, employee, agent or representative of the Commission.

8.  Each Defendant has read and understands this Stipulation and Agreement. Furthermore, each Defendant has reviewed all legal and factual aspects of this matter with his or her attorneys. Each Defendant has thoroughly reviewed this Stipulation and Agreement with his or her attorneys and has received satisfactory explanations concerning each paragraph of this Stipulation and Agreement. After conferring with his or her attorneys and considering all available alternatives, each Defendant has made a knowing decision to enter into this Stipulation and Agreement.

## ENTIRETY OF AGREEMENT

9. This Stipulation and Agreement constitutes the entire agreement between the Commission and each Defendant, and supersedes all prior understandings, if any, whether oral or written, relating to the subject matter herein.

10. This Stipulation and Agreement cannot be modified as to any Defendant or the Commission except in writing, signed by that Defendant and a representative of the Commission.

11. In the event an ambiguity or a question of intent or interpretation arises, this Stipulation and Agreement shall be construed as if drafted jointly by the parties hereto, and no presumption or burden of proof shall arise favoring or disfavoring the Commission or any Defendant by virtue of the authorship of any of the provisions of the Stipulation and Agreement.

12. Each Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by the Defendant to defend against this Case. For these purposes, the parties agree that no party is the prevailing party in this Case since the parties have reached a good faith settlement.

## CONTINUING JURISDICTION

13. The Court shall retain jurisdiction of this matter for the purposes of enforcing Paragraph 5 of this Stipulation and Agreement.

**[Remainder of page intentionally left blank.]**

The signatories below acknowledge acceptance of the foregoing terms and conditions.

Dated: ~~March~~ April 9, 2015

Securities and Exchange Commission

By: ___/s/ Romajas___
Suzanne J. Romajas, Esq.
Matthew P. Cohen, Esq.
Cheryl C. Crumpton, Esq.
David S. Karp, Esq.
Securities and Exchange Commission
100 F Street N.E.
Washington, D.C. 20549-5971

                                      Approved as to form:

_____       _____
Richard F. Syron                                  Thomas C. Green, Esq.
                                                      Sidley Austin LLP
                                                      1501 K Street, N.W.
                                                      Washington, D.C. 20005

                                                      *Counsel for Richard F. Syron*

                                      Approved as to form:

_____       _____
Patricia L. Cook                                  Steven M. Salky, Esq.
                                                      Zuckerman Spaeder LLP
                                                      1800 M Street, N.W., Suite 1000
                                                      Washington, D.C. 20036

                                                      *Counsel for Patricia L. Cook*

                                      Approved as to form:

_____       _____
Donald J. Bisenius                              Daniel J. Beller, Esq.
                                                      Paul, Weiss, Rifkind Wharton & Garrison LLP
                                                      1285 Avenue of the Americas
                                                      New York, NY 10019

                                                      *Counsel for Donald J. Bisenius*

The signatories below acknowledge acceptance of the foregoing terms and conditions.

Dated: March ___, 2015

Securities and Exchange Commission

By: _____
Suzanne J. Romajas, Esq.
Matthew P. Cohen, Esq.
Cheryl C. Crumpton, Esq.
David S. Karp, Esq.
Securities and Exchange Commission
100 F Street N.E.
Washington, D.C. 20549-5971

*R. F. Syron* (signature)
_____
Richard F. Syron

Approved as to form: *Thomas C. Green* (signature)
_____
Thomas C. Green, Esq.
Sidley Austin LLP
1501 K Street, N.W.
Washington, D.C. 20005

*Counsel for Richard F. Syron*

Approved as to form:

_____
Patricia L. Cook

_____
Steven M. Salky, Esq.
Zuckerman Spaeder LLP
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036

*Counsel for Patricia L. Cook*

Approved as to form:

_____
Donald J. Bisenius

_____
Daniel J. Beller, Esq.
Paul, Weiss, Rifkind Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019

*Counsel for Donald J. Bisenius*

The signatories below acknowledge acceptance of the foregoing terms and conditions.

Dated: March __, 2015

Securities and Exchange Commission

By: _____
Suzanne J. Romajas, Esq.
Matthew P. Cohen, Esq.
Cheryl C. Crumpton, Esq.
David S. Karp, Esq.
Securities and Exchange Commission
100 F Street N.E.
Washington, D.C. 20549-5971

                Approved as to form:

_____      _____
Richard F. Syron     Thomas C. Green, Esq.
    Sidley Austin LLP
    1501 K Street, N.W.
    Washington, D.C. 20005

    *Counsel for Richard F. Syron*

    Approved as to form:

*/s/ Patricia L. Cook*       */s/ Steven M. Salky*
Patricia L. Cook     Steven M. Salky, Esq.
    Zuckerman Spaeder LLP
    1800 M Street, N.W., Suite 1000
    Washington, D.C. 20036

    *Counsel for Patricia L. Cook*

    Approved as to form:

_____      _____
Donald J. Bisenius     Daniel J. Beller, Esq.
    Paul, Weiss, Rifkind Wharton & Garrison LLP
    1285 Avenue of the Americas
    New York, NY 10019

    *Counsel for Donald J. Bisenius*

The signatories below acknowledge acceptance of the foregoing terms and conditions.

Dated: March __, 2015

Securities and Exchange Commission

By: _____
Suzanne J. Romajas, Esq.
Matthew P. Cohen, Esq.
Cheryl C. Crumpton, Esq.
David S. Karp, Esq.
Securities and Exchange Commission
100 F Street N.E.
Washington, D.C. 20549-5971

                                                Approved as to form:

_____       _____
Richard F. Syron                               Thomas C. Green, Esq.
                                                Sidley Austin LLP
                                                1501 K Street, N.W.
                                                Washington, D.C. 20005

                                                *Counsel for Richard F. Syron*

                                                Approved as to form:

_____       _____
Patricia L. Cook                               Steven M. Salky, Esq.
                                                Zuckerman Spaeder LLP
                                                1800 M Street, N.W., Suite 1000
                                                Washington, D.C. 20036

                                                *Counsel for Patricia L. Cook*

                                                Approved as to form:

*[signature]*                                     *[signature]*
Donald J. Bisenius                           Daniel J. Beller, Esq.
                                                Paul, Weiss, Rifkind Wharton & Garrison LLP
                                                1285 Avenue of the Americas
                                                New York, NY 10019

                                                *Counsel for Donald J. Bisenius*

So Ordered: _____     Dated: _____
                UNITED STATES DISTRICT JUDGE